# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| KAREN & SHEREEN DIGANGIE LANDREAUX | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1356 |
| UNDERWRITERS AT LLOYDS, ET AL. | SECTION: "C" (1) |

## ORDER & REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 3, seeking affirmative proof of the amount in controversy. Plaintiff argued that the jurisdictional minimum was met. Rec. Doc. 5. Defendant did not submit a memorandum. Having considered the record, the plaintiff's memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. LAW & ANALYSIS

Plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of Acevedo v. AAA Ins., Civil Action No. 07-5199, to recover payment for property damage under their insurance policy with Defendant Underwriters at Lloyds ("UAL") following Hurricane Katrina. Rec. Doc. 1-2. Magistrate Judge Wilkinson, Jr. severed

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

Acevedo. Rec. Doc. 1-3. Plaintiffs then filed an individualized amended complaint against UAL. Rec. Doc. 1-1.

Parties may neither consent to nor waive subject matter jurisdiction. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and diversity exists between all parties. 28 U.S.C. § 1332(a)(2007).[2] Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such as the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating

---

[2]Plaintiffs did not address diversity of citizenship in the subject matter jurisdiction memorandum. Rec. Doc. 5. However, they alleged in their amended complaint that they are domiciled in Louisiana and that UAL is a foreign corporation, and UAL did not file an answer. This suggests that the diversity of citizenship element is met.

2

jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982). The court may demand that the party justify the allegation by a preponderance of the evidence. McNutt, 298 U.S. at 189.

In response to the Court's Order, Rec. Doc. 3, plaintiffs filed a memorandum that attempted to show that the jurisdictional minimum was met.[3] Rec. Doc. 5. Plaintiffs pointed to their policy limit of $77,000 for the structure, $30,800 for contents, and $7,700 for additional living expenses. Id. at 1. They stated that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of their property, and that they were unable to use their property for an extended period. Rec. Doc. 1-1 at 2. They alleged that their policy was in effect at that time, that it was all-risk, and that it covered such damage. Id. Plaintiffs also stated that the insurer owes them flood damages under a ruling that was effective at the time of filing, that is, the time at which the jurisdictional amount was to be determined. Rec. Doc. 5 at 1-2; Sher v. Lafayette Ins. Co., 973 So. 2d 39 (La. App. 4 Cir. 2007)(allowing flood damage to be claimed under insurance policies that were "ambiguous" in that they did not specify whether they covered "man-made" or "natural" or both types of "flood")(reversed in part, Sher v. Lafayette Ins. Co., 988 So.2d 186 (La. 2008)). Plaintiffs did not provide a copy of the policy.

---

[3]UAL did not file a memorandum directed to the issue of subject matter jurisdiction or an answer to plaintiff's amended complaint. However, the Court assumes that UAL has notice of plaintiff's complaint because the class action it was initially part of was filed nearly two years ago, and, in any event, plaintiff bears the burden of establishing jurisdiction.

Plaintiffs estimated their property damage at $40,000 for the structure and $30,000 for the contents, but did not put forth proof of the damage. Rec. Doc. 5 at 1. Furthermore, they stated that UAL has paid $1,000, but did not specify under which coverage payment was made. Id. Additionally, plaintiffs made a claim for statutory penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220[4], because UAL's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiffs did not provide a factual description of UAL's actions. Notably, no copy of a prerequisite proof of loss was provided as ordered.

It is not facially apparent nor have plaintiffs set forth facts to show that the jurisdictional minimum was met on the date of filing. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). Plaintiffs put forth no facts to substantiate their $70,000 damage estimate. They may have met the proof threshold if they had provided evidence implicating the limits of the policy, or if they had submitted damage assessments or repair estimates for the property. Fernandez, 2008 WL 314405 at *2. See also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D. La. July 24, 1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy). Further, the Court cannot determine whether plaintiffs' policy was "ambiguous" because no copy of it was provided. Therefore, Sher does not apply. 973 So. 2d 39.

Second, plaintiffs must do more than state that they made claims for statutory penalties

---

[4] Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

4

and present facts indicating the propriety of such penalties. Fernandez, 2008 WL 314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March 8, 2007)). Plaintiffs did not present such facts. Plaintiffs cited a Fifth Circuit case that held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction. Rec. Doc. 5 at 1; St. Paul Reins. Co, 134 F.3d at 1254. However, the St. Paul Reins. Co. Court, discussing a Texas statute, did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. Moreover, the Louisiana statute lists six specific actions that would constitute a "breach" and that require findings of fact. La. R.S. § 22:1973(B)(1-6). The statute provides that one type of breach for which an insured may recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5). To indicate more than the possibility of penalties, plaintiffs could have presented facts indicating that UAL's actions constituted a breach under the statute. Again, no copy of a proof of loss was provided. Thus, based on the record and the law, the Court finds that plaintiffs have not established subject matter jurisdiction.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiffs' complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 15th day of June, 2009.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE